UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | | |
|---|---|---|
| LEVY JONES IV,<br>Plaintiff,<br><br>v.<br><br>VIRGINIA DIVISION OF CHILD SUPPORT ENFORCEMENT,<br>Defendant. | ) | Civil Action No. 3:25CV640(RCY) |

**MEMORANDUM OPINION**

On August 15, 2025, Plaintiff Levy Jones ("Plaintiff"), appearing *pro se*, submitted a Motion to Proceed *in forma pauperis* ("IFP Motion"),[1] along with a proposed Complaint. IFP Mot., ECF No. 1; Proposed Compl., ECF No. 1-1. On May 4, 2026, Plaintiff submitted an Emergency Motion for Temporary Restraining Order ("TRO"). ECF No. 1-15. Plaintiff's IFP Motion is largely deficient insofar as it does not contain the particularized financial information the Court generally requires to conduct its IFP assessment. Nevertheless, based on aspects of the Complaint and Exhibits attached thereto, the Court is satisfied that Plaintiff qualifies for *in forma pauperis* status. Accordingly, Plaintiff's IFP Motion, ECF No. 1, will be GRANTED.

However, the granting of Plaintiff's IFP Application notwithstanding, the Court finds that Plaintiff's claims suffer from defects that prevent the action from proceeding.

When a plaintiff is granted authorization to proceed *in forma pauperis*, the Court is obligated, pursuant to 28 U.S.C. § 1915(e)(2), to screen the operative complaint to determine, among other things, whether the complaint states a claim on which relief may be granted. *See*

[1] When a party proceeds in district court without prepaying fees or costs, it is said that the party is proceeding *in forma pauperis*. As such, the Court will refer to Plaintiff's fee waiver application as an "IFP Application."

28 U.S.C. § 1915(e)(2) (explaining that "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted"). A *pro se* complaint should survive only when a plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Additionally, the Court has an independent obligation to screen for the existence of jurisdiction. *See Arbaugh v. Y & H Corp*., 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction, *see* Fed. Rule Civ. Proc. 12(b)(1), may be raised by a party, or by a court on its own initiative . . . . [Federal] Rule [of Civil Procedure] 12(h)(3) instructs: 'Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.'"). Pursuant to § 1915's statutory screening obligation and with an eye towards its jurisdictional limitations, the Court has reviewed the operative Complaint.

## I. BACKGROUND

Plaintiff brings this action to challenge the Defendant's actions to enforce Plaintiff's child support obligations. Compl. ¶¶ 1–7. Plaintiff argues that Defendant's enforcement efforts were based on fraudulent documentation and in disregard for pending disputes related to Plaintiff's payment status and concurrent identity theft. *Id.*

Based on the foregoing, Plaintiff asserts the following claims:

Count One: Violation of Due Process Rights (42 U.S.C. § 1983)

Count Two: Negligence

Count Three: Abuse of Process

Count Four: Violations of State Law

*Id.* at 6. Plaintiff seeks monetary compensation and injunctive relief. *Id*. at 8.

In his May 4, 2026 Emergency Motion for Temporary Restraining Order and his supplemental filing received on September 21, 2026, Plaintiff describes ongoing state court proceedings related to the enforcement of his child support obligations. ECF Nos. 15, 20.

**II. NO CLAIM SUBJECT TO FEDERAL JURISDICTION**

Even assuming *arguendo* that Plaintiff otherwise stated a viable constitutional claim (and that Defendant is an entity subject to suit on such claim), the Court finds that Plaintiff has failed to plead facts giving rise to this Court's subject matter jurisdiction, and so the Complaint must be dismissed.

It is well settled that federal courts should "abstain from jurisdiction whenever federal claims have been or could have been presented in ongoing state judicial proceedings that concern important state interests." *Haw. Housing Auth. v. Midkiff*, 467 U.S. 229, 237–38 (1984); *see also Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 75 (2d Cir. 2003) ("*Younger* generally prohibits courts from taking jurisdiction over federal constitutional claims that involve or call into question ongoing state proceedings so as to avoid unnecessary friction." (internal quotes and citations omitted)). Indeed, "*Younger* abstention is mandatory when: (1) there is a pending state proceeding, (2) that implicates an important state interest, and (3) the state proceeding affords the federal plaintiff an adequate opportunity for judicial review of his or her federal constitutional claims." *Id*. *Younger* abstention "reflects a strong federal policy against federal court interference with pending state judicial proceedings." M*iddlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982). Ongoing child support cases are one of the types of cases that federal courts should abstain from hearing. *Anthony v. Council*, 316 F.3d 412, 421–22 (3rd Cir. 2003).

Here, because Plaintiff is involved in ongoing state court proceedings, *see* ECF Nos. 1-15, 1-20, he has the opportunity to argue in state court his theories regarding the invalidity and/or illegality of the ongoing enforcement efforts. Thus, the Court finds that the state proceeding will afford Plaintiff an adequate opportunity for judicial review of his present claims. Such an opportunity counsels against federal insertion into the arena of child support, which is undisputably an important state interest. *See In re Burrus*, 136 U.S. 586, 593–94 (1890) ("The whole subject of the domestic relations of . . . parent and child, belongs to the laws of the states, and not to the laws of the United States"); *Moore v. Sims*, 442 U.S. 415, 435 (1979) ("Family relations are a traditional area of state concern"). Accordingly, the Court will not invade the provenance of the state court in this matter.

Because the Court must abstain under the *Younger* doctrine from hearing Plaintiff's claims related to the challenged child support petition, and because there are no other claims asserted over which the Court may independently exercise jurisdiction, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted and so will DISMISS the case. Moreover, because more fulsome pleading could not cure this defect, amendment would be futile and thus the Court will not grant leave to amend. *See Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006).

## III. CONCLUSION

For the reasons set forth above, Plaintiff's IFP Application, ECF No. 1, will be GRANTED. However, given the Court's holding that it is without subject matter jurisdiction over the controversy, this action will be DISMISSED without prejudice.

An appropriate Order will issue.

/s/ RCY

Roderick C. Young
United States District Judge

Date: October 5, 2026
Richmond, Virginia